IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01973-BNB

TERRY WHITAKER,

    Plaintiff,

v.

D. MARONI, Staff Member, Case Manager, FCI Florence, Colorado,
    Federal Bureau of Prisons,
C. LAMPY, Staff Member, Case Manager, FCI Florence, Colorado,
    Federal Bureau of Prisons,
E. ALEXANDER, DHO Officer for FCC Florence, Colorado,
    Federal Bureau of Prisons, and
MICHAEL K. NALLEY, Regional Director for Federal Bureau of Prisons,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Terry Whitaker, was a prisoner in the custody of the United States Bureau of Prisons incarcerated at the Federal Correctional Institution in Florence, Colorado, when he initiated the instant action. He since has informed the Court that he is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Whitaker has filed *pro se* a civil rights complaint for money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the complaint liberally because Mr. Whitaker is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 12 2008

GREGORY C. LANGHAM
                    CLERK

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Whitaker will be ordered to file an amended complaint.

The Court has reviewed Mr. Whitaker's complaint and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Whitaker fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Based upon the discussion in "C. Nature of the Case," he

apparently complains that the defendants interfered with his access to the courts by denying him notary service for documents he sought to file in *Whitaker v. Federal Bureau of Prisons*, No. 08-cv-00280-ZLW-BNB (D. Colo. May 9, 2008). In habeas corpus action No. 08-cv-00280-ZLW-BNB, the habeas corpus application was denied and the action dismissed without prejudice for Mr. Whitaker's failure to file an amended application that complied with the pleading requirements of Fed. R. Civ. P. 8. To the extent Mr. Whitaker disagrees with the dismissal of No. 08-cv-00280-ZLW-BNB, his recourse was to appeal from the dismissal to the United States Court of Appeals for the Tenth Circuit, which according to this Court's docketing records he failed to do.

The amended complaint Mr. Whitaker will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8. To state a claim in federal court, Mr. Whitaker's amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, Mr. Whitaker must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Whitaker should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Terry Whitaker, file **within thirty (30) days from the date of this order** an original and sufficient service copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Whitaker, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Whitaker fails to file an original and sufficient service copies of an amended complaint that comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED December 12, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01973-BNB

Terry W. Whitaker
Prisoner No. 64806
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint form** to the above-named individuals on 12\12\08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk