IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01973-BNB

TERRY WHITAKER,

    Plaintiff,

v.

D. MARONI, Staff Member, Case Manager, FCI Florence, Colorado,
    Federal Bureau of Prisons,
C. LAMPY, Staff Member, Case Manager, FCI Florence, Colorado,
    Federal Bureau of Prisons,
E. ALEANDER, DHO Officer for FCC Florence, Colorado,
    Federal Bureau of Prisons, and
MICHAEL K. NALLEY, Regional Director for Federal Bureau of Prisons,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 28 2009

GREGORY C. LANGHAM
                 CLERK

## ORDER OF DISMISSAL

Plaintiff, Terry Whitaker, was a prisoner in the custody of the United States Bureau of Prisons incarcerated at the Federal Correctional Institution in Florence, Colorado, when he initiated the instant action. He since has informed the Court that he is incarcerated at the Buena Vista, Colorado, correctional facility. Mr. Whitaker filed *pro se* a civil rights complaint for money damages pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993).

On December 12, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Whitaker to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge

Boland pointed out that, in his original complaint, Mr. Whitaker appeared to complain that Defendants interfered with his access to the courts by denying him notary service for documents he sought to file in *Whitaker v. Federal Bureau of Prisons*, No. 08-cv-00280-ZLW (D. Colo. May 9, 2008). Magistrate Judge Boland further pointed out that the habeas corpus application in No. 08-cv-00280-ZLW was denied and the action dismissed without prejudice for Mr. Whitaker's failure to file an amended application that complied with the pleading requirements of Fed. R. Civ. P. 8., and not for his failure to file notarized documents. Magistrate Judge Boland also pointed out that, to the extent Mr. Whitaker disagreed with the dismissal of No. 08-cv-00280-ZLW, his recourse was to appeal from the dismissal to the United States Court of Appeals for the Tenth Circuit, which according to this Court's docketing records he failed to do. On January 9, 2009, Mr. Whitaker submitted a combination notice of change of address and an amended civil rights complaint for money damages.

Mr. Whitaker has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Whitaker is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous,

malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Whitaker is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

In the amended complaint, Mr. Whitaker again complains that Defendants interfered with his access to the courts by denying him notary service for documents he sought to file in No. 08-cv-00280-ZLW. He alleges that he needed the notarized documents in order to attack his conviction in No. 08-cv-00280-ZLW. What Mr. Whitaker fails to understand is that the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) he filed in No. 08-cv-00280-ZLW was not the proper means by which to attack his conviction. Mr. Whitaker properly attacked his conviction, as discussed below, on direct appeal and through a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (2006).

Mr. Whitaker was convicted in this Court. *See United States v. Whitaker*, No. 99-cr-00356-WYD (D. Colo. Mar. 17, 2000). He was found guilty after a jury trial in June 2000 on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On May 30, 2000, he was sentenced to 120 months of

imprisonment and assessed a $100 monetary penalty. The judgment was entered on the docket on June 1, 2000. The conviction and sentence were affirmed on direct appeal. *See United States v. Whitaker*, No. 00-1231, 2001 WL 363196 (10th Cir. Apr. 12, 2001), *cert. denied*, No. 01-5334 (Oct. 1, 2001).

On May 30, 2002, Mr. Whitaker filed the 28 U.S.C. § 2255 motion to vacate his sentence. On August 15, 2002, the Court entered an order denying Mr. Whitaker's motion to vacate. Mr. Whitaker appealed to the United States Court of Appeals for the Tenth Circuit, which on February 4, 2003, dismissed the appeal as untimely and denied the request for a certificate of appealability.

On February 8, 2008, Mr. Whitaker filed the 28 U.S.C. § 2241 habeas corpus application in No. 08-cv-00280-ZLW, which the Court dismissed without prejudice for Mr. Whitaker's failure to file an amended application that complied with the pleading requirements of Fed. R. Civ. P. 8. As Magistrate Judge Boland already informed Mr. Whitaker in the December 12, 2008, order to file an amended application in this case, to the extent Mr. Whitaker disagreed with the dismissal of No. 08-cv-00280-ZLW, his recourse was to appeal from the dismissal to the United States Court of Appeals for the Tenth Circuit, which he failed to do. Mr. Whitaker's attempt to challenge the dismissal of No. 08-cv-00280-ZLW through the instant civil rights action is misdirected and frivolous. Accordingly, it is

ORDERED that the amended complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this 28 day of Jan., 2009.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01973-BNB

Terry W. Whitaker
Prisoner No. 64806
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/28/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk